UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL SMITH,

                      Plaintiff,

v.                                   **DECISION AND ORDER**
                                                    08-CV-523S

S. CARPENTER, GILBOY, H. LYNN, MCINTOSH,
and JANE DOE,

                      Defendants.

## I. INTRODUCTION

Plaintiff Paul Smith, proceeding *pro se* and *in forma pauperis*, commenced this action pursuant to 42 U.S.C. § 1983, alleging that while he was incarcerated at Southport Correctional Facility, Defendants subjected him to cruel and unusual punishment and failed to protect him in violation of the Eighth Amendment. Pending before this Court is the Summary Judgment Motion of Defendants. For the reasons discussed below, this Court finds the matter fully briefed and oral argument unnecessary, and concludes that Defendants' motion should be granted.

## II. BACKGROUND

At all time relevant to his complaint, Plaintiff was an inmate in the custody of the New York State Department of Correctional Services ("DOCS") incarcerated at Southport Correctional Facility. (See Docket No. 19 ¶ 1). Defendants are correctional officers at that institution. (Compl., Docket No. 1, at 2-2.5; Answer, Docket No. 5, ¶5). Plaintiff alleges that on May 29, 2008, he was being escorted by Defendants Carpenter and Gilboy when Carpenter "slammed [Plaintiff's] head off of the double doors." Compl. at 5. Plaintiff further

alleges that Defendants Gilboy, "Lynn H.," and "Jane Doe"[1] failed to intervene to prevent Carpenter's alleged use of excessive force. Compl. at 5. No specific factual allegation is directed toward Defendant McIntosh.

### III. DISCUSSION

Defendants have moved for summary judgment dismissing the complaint, and Plaintiff has failed to file any opposition to this motion.[2] Summary judgment is appropriate where the materials in the record, including depositions, documents, affidavits or declarations, and stipulations, show that there are no genuine issues regarding any material fact and that the movant is entitled to judgment as a matter of law. see FED.R.CIV.P. 56 (a), (c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor v. Electric Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010). Further, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally," Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)(emphasis in original), however, "proceeding pro se does not otherwise relieve a litigant from the usual requirements of summary judgment." Castro v. 32BJ Union, 800

---

[1] Defendants "Lynn H." and "Jane Doe" have never been further identified or served. (See Docket No. 4).

[2] In support of their Motion for Summary Judgment (Docket No. 18), Defendants have submitted a supporting Memorandum of Law (Docket No. 18-1), Statement of Undisputed Facts (Docket No. 18-2), Declaration of Timothy Gilboy (Docket No. 19), Declaration of Scott Carpenter (Docket No. 20), Declaration of Donald McIntosh (Docket No. 21), Declaration of Sabrina vonHagn (Docket No. 22), Declaration of David J. State, Esq. (Docket No. 23), and a Reply Memorandum of Law (Docket No. 25). As noted, Plaintiff has not filed any opposition to the motion, and indeed appears not to have participated much in his litigation beyond the filing of the complaint . (See State Declaration with Exhibit A, Docket No. 11 (detailing Plaintiff's refusal to participate in scheduling conference by phone)).

F.Supp.2d 586, 591 (S.D.N.Y. 2011)(internal quotation marks omitted).

Defendants argue, among other things, that summary judgment in their favor is warranted because Plaintiff failed to exhaust administrative remedies. Def's Mem. of Law, Docket No. 18-1, at 3-4). Pursuant to the Prison Litigation Reform Act of 1995 ("PRLA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a); see Espinal v Goord, 558 F.3d 119, 123-124 (2d Cir. 2009). "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). "[T]he scope of proper exhaustion under the PRLA is determined by reference to the state grievance system's procedural rules." Espinal, 558 F.3d at 126, citing Jones v. Bock, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Plaintiff was therefore required to have utilized all steps in DOCS' Inmate Grievance Program ("IGP") prior to commencing this action. Hernandez v. Coffey, 582 F.3d 303, 305 (2d Cir. 2009); Espinal, 558 F.3d at 125-126; see generally 7 NYCRR § 701.1 et seq. (Inmate Grievance Program regulations).

Here, Plaintiff filed a grievance regarding the alleged assault on May 30, 2008, one day after the occurrence. Compl. at 5; Declaration of Sabrina vonHagn, Docket No. 22, ¶¶1, 5-6, Ex. A (vonHagn is the IGP supervisor at Southport Correctional Facility). That grievance was denied by the superintendent on June 20, 2008. vonHagn Decl. ¶ 6, Ex A; see 7 NYCRR § 701.5 (c)(appeal to the superintendent is the second step in the grievance

process). The IGP offers grieved inmates a third step of appealing a superintendent's decision to the Central Office Review Committee (CORC).  see 7 NYCRR § 701.5 (d); vonHagn Decl. ¶¶ 3.  In her Declaration, vonHagn stated that Southport's official grievance records contained no evidence that Plaintiff ever pursued an appeal to the CORC. vonHagn Decl. ¶¶ 7-8; see Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)(exhaustion means properly using all steps an agency holds out).  Plaintiff not only failed to file any opposition to Defendants' motion, but he also failed to indicate 'yes' in response to the question in his preprinted pro se Complaint asking whether he had appealed the grievance decision.  Compl. at 5.  There is therefore no question of fact regarding Plaintiff's failure to exhaust his administrative remedies by appealing the superintendent's decision on his grievance, and Defendants' Motion for Summary Judgment is granted.

## IV. CONCLUSION

Defendants established their entitlement to summary judgment on the ground that Plaintiff failed to exhaust administrative remedies with respect to the incident alleged in his Complaint.  In light of this conclusion, this Court need not address Defendants' alternative arguments.  Defendants' Motion for Summary Judgment is granted and the Complaint is dismissed.

## V.  ORDERS

IT HEREBY IS ORDERED that Defendants' Motion for Summary Judgment dismissing the complaint (Docket No. 18) is GRANTED in its entirety;

FURTHER, that the Clerk of the Court is directed to take the necessary steps to

close this case;

    SO ORDERED.

Dated:   March 6, 2012
          Buffalo, New York

                                                <u>/s/William M. Skretny</u>
                                                WILLIAM M. SKRETNY
                                                      Chief Judge
                                               United States District Judge